UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:09-CV-504-H

SHELTER MUTUAL INSURANCE COMPANY                                    PLAINTIFF

V.

GEORGE CRADDOCK, et al.                                             DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Shelter Mutual Insurance Company has moved for summary judgment on the claims of Central Bank that Shelter Mutual exercised bad faith in its payment of the proceeds from its homeowner's insurance policy. Central Bank argues that the motion is premature and that its position as co-loss payee under the policy and its position as first lien holder under the mortgage demonstrate sufficiently the possibility of Shelter Mutual's bad faith in failing to make a more prompt payment. Having reviewed the papers, the Court is not convinced that Central Bank's status as loss payee or lien holder entitles it to faster action in circumstances where other parties asserted claims which exceeded the policy limits. Because Shelter Mutual faced multiple claims, it filed its interpleader action within six months of the fire. In such circumstances, Shelter Mutual was entitled to resolve its conflicting claims in this manner.

Several significant legal conflicts barred the bank's initial claims and justified the interpleader action. The first of these was the potential conflict between Central Bank and the Craddocks. As insureds, the Craddocks actually have first claim on the policy proceeds. Absent either a money judgment in favor of Central Bank against the Craddocks, Shelter Mutual may lack the legal right to bypass the insured in favor of the mortgage holder. Central Bank stated

that it has yet to obtain either a money judgment or a foreclosure. Given all these facts, Shelter Mutual's interpleader action was a prudent course of action and, as a matter of law, cannot be deemed an act of bad faith.

Another equally significant conflict further justified Shelter Mutual's caution and ultimate decision to file its interpleader action. Numerous parties asserted claims against different elements of the insurance proceeds. In fact, as recently as November 10, 2009, Central Bank sought the entire principal balance of over $167,000 from the insurance policy proceeds. Such a position would have entirely excluded the legitimate claim of the United States. Under the circumstances, Shelter Mutual was wise to refuse such a demand, as acquiescence surely would have exposed it to a double recovery. Ultimately, Central Bank and the government have agreed that the bank is not entitled to the entire amount of its debt from the insurance proceeds, but rather only about $105,000.

Central Bank cannot dispute the legal and factual circumstances which created the potential conflicting claims to the Shelter Mutual policy. The circumstances outlined above demonstrate that Shelter Mutual's actions which delayed initial payment of claims and which resulted in this interpleader were entirely justified. Further discovery could not possibly produce a different result. In these circumstances, Central Bank cannot possibly show bad faith.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Shelter Mutual's motion for summary judgment on Central Bank's bad faith claims is SUSTAINED and those claims are DISMISSED WITH PREJUDICE.

This is a final order.

cc: Counsel of Record